IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | 8:02CR369 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **KIMBERLY BLACK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

    This matter is before the court for initial review of the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 54). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> Initial consideration by judge. The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.[1]

    The defendant pleaded guilty to Count Two of the Indictment charging her with use of a communication device with the intent that a murder be committed in violation of 18 U.S.C. § 1958. (Filing No. 52). The court sentenced defendant to the custody of the Bureau of Prisons for 120 months followed by three years supervised release. (Filing No. 52). Defendant did not file a direct appeal.

---

[1]See also General Order 97-10 (United States District Court for the District of Nebraska) at ¶ 7 regarding "Initial and Subsequent Review of Habeas Corpus Petitions and 28 U.S.C. §2255 Motions:"

> Whether pro se or by counsel and notwithstanding the payment of any filing fee, habeas corpus petitions shall be initially and subsequently reviewed pursuant to the Rules Governing Habeas Corpus Cases, and, to the extent applicable, 28 U.S.C. §§1915 & 1915A ....

In her § 2255 motion, defendant alleges ineffective assistance of counsel based on counsel's failure to obtain doctor's reports that supported the defense's theory of diminished capacity. Defendant also claims that she was not informed by counsel that the court would enhance her sentence. I will order the United States to respond by answer to the defendant's claims. In addition to any other matters discussed in the answer, the United States shall address whether any of the defendant's § 2255 claims are barred, for example by procedural default, waiver, and/or untimeliness.

THEREFORE, IT IS ORDERED:

1. That the court has completed initial review of the defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 54);

2. That upon initial review, the court finds that summary dismissal of the defendant's § 2255 motion is not required;

3. That by January 13, 2006, the United States shall answer the defendant's § 2255 motion, supported by a brief; and

4. That by February 13, 2006, the defendant may file a reply brief.

DATED this 23rd day of November, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge