IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |  | |
|---|---|---|---|
| UNITED STATES of AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | 8:02CR369 | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| KIMBERLY D. BLACK, | ) | MEMORANDUM AND ORDER | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

This matter is before the court on the defendant's motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 54), motion for leave to appeal in forma pauperis (Filing No. 55), and motion for counsel (Filing No. 56).

## FACTUAL BACKGROUND

On October 25, 2002, the government filed a complaint charging defendant, Kimberly Black, with attempted murder of a federal officer and use of a communication facility with intent that a murder should be committed. (Filing No. 1). On July 20, 2003 a competency hearing was held before Magistrate Judge Thomas D. Thallken. (Filing No. 28). At the hearing, Judge Thalken was presented with an evaluation performance by Melissa Peters, Forensic Psychologist at the Federal Medical Center, Lexington, Kentucky. The court afforded Black the opportunity to present additional evidence or witnesses on his behalf, Black declined and no further evidence was presented by either side. Based upon a review of the forensic report, Judge Thalken concluded that Black was mentally competent to stand trial. (Filing No. 32).

On February 11, 2004 the defendant pleaded guilty to Count Two of the Indictment charging him with the use of a communication device with the intent that a murder be

committed in violation of 18 U.S.C. § 1958. (Filing No. 42). Before sentencing, defendant's counsel, Michael F. Maloney, filed a motion for downward departure under U.S.S.G. § 5K2.0 and/or 5K2.13 arguing that defendant committed the offense while suffering from a significantly reduced mental capacity. (Filing No. 48). At the sentencing hearing, the court concluded that, pursuant to U.S.S.G. § 5K2.13, a downward departure based on diminished capacity was not available. U.S.S.G. 5K2.13 states that the court may not depart below the applicable guideline range based on diminished capacity if the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence. The court concluded that because defendant's offense involved actual violence or a serious threat of violence it could not depart downward. (Filing No. 59, Tr. 23). The court sentenced defendant to the custody of the Bureau of Prisons for 120 months followed by three years supervised release. (Filing No. 52).

Defendant did not file a direct appeal. In his § 2255 motion defendant argues that he was denied effective assistance of counsel because his attorney did not obtain doctors' reports that would establish that he was functioning at a diminished capacity. Defendant also argues that he received ineffective assistance of counsel because his sentence was enhanced 6-8 points without his knowledge.

## DISCUSSION

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984). In other words, Black has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by his attorney's performance "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would

2

have been different" had his attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland,* 466 U.S. at 690). Moreover, Black must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 487 U.S. at 689.

**Claim One- Downward Departure**

Defendant first argues that he received ineffective assistance of counsel because his counsel failed to present sufficient medical records to support his motion for a downward departure. Here, defense counsel did not perform below the minimum standards of professional conduct. In support of the motion for downward departure, defense counsel presented a forensic psychological evaluation conducted at the Federal Medical Center in Lexington, Kentucky that stated that defendant's judgment and insight were poor, and a psychiatric evaluation conducted by Dr. Bruce Gutnik, M.D. stating that defendant is mentally ill with symptoms of psychosis and probable cognitive disorder. Based on the evidence submitted by defense counsel, the court concluded that part of defendant's mental illness was not self induced. However, the court also concluded that because defendant's conviction was based on a crime that caused violence or threatened to cause violence the court could not depart based on diminished capacity. Accordingly, no amount of medical reports would have further assisted defendant's argument for a downward departure. Therefore, defendant has failed to establish either prongs of the *Strickland* test and his § 2255 motion is denied on this claim.

**Claim Two - Sentencing Enhancement**

Next, defendant argues that he received ineffective assistance of counsel because his sentence was enhanced 6-8 points without his knowledge. However, nothing in the

3

Presentence Report (PSR) or the sentencing transcript indicates that defendant's sentence was enhanced by 6-8 points. In fact, pursuant to defendant's base level offense and criminal history score, defendant was subject to a guideline range of 188-235 months, but based on U.S.S.G. § 5G1.1(a), which states that "where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence," Black's sentence was capped at the lower ten year sentence. In his petition to enter a plea of guilty and at the rule 11 hearing, Black was informed, and acknowledged that he understood, he was exposed to a maximum term of imprisonment of ten years. (Filing Nos. 44 & 59). Therefore, based on this record, the defendant's § 2255 motion is denied on this claim.

IT IS ORDERED:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 54) is denied;

2. Defendant's motion to appeal in forma pauperis (Filing No. 55) is granted; and

3. Defendant's motion to appoint counsel (Filing No. 56) is denied as moot.

DATED this 23rd day of May, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge